NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2507
_____

TRACY JORDAN,
Appellant

v.

SUPERINTENDENT COAL TOWNSHIP SCI;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2:16-cv-02784)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 19, 2020
_____

Before: GREENAWAY, JR., COWEN and FUENTES, *Circuit Judges*.

(Opinion Filed:  February 1, 2021)

_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Tracy Jordan appeals from the District Court's denial of his Petition seeking the issuance of a Writ of Habeas Corpus based on ineffective assistance of counsel. For the reasons that follow, we will affirm.

## I. BACKGROUND

On the morning of November 15, 2004, a man approached a check-cashing store and put a gun to the store owner's head. A struggle ensued and the owner was shot. At 8:42 a.m., the police were called to the scene, and the store owner was pronounced dead soon thereafter.

At the scene, the police recovered a white plastic drawstring bag brought by the assailant. Fingerprint analysis yielded discernible fingerprints that when run through the police database yielded a match–Appellant Jordan. Jordan lived two blocks from the scene. Police also recovered a .40 caliber Smith & Wesson spent cartridge case. A search of Jordan's home turned up a .40 caliber Smith & Wesson handgun, belonging to Jordan's wife, a patrol officer for the Pennsylvania Housing Authority Police Department. The handgun contained gunpowder residue in its barrel, evidencing its recent use. Although Jordan's wife needed to carry the weapon while on duty, she was not working on the day of the crime, meaning that both she and the weapon were at home that day.

Following his arrest, Jordan went to trial by jury in Pennsylvania state court. At trial, he testified that, on November 15, 2004, between 8:15 and 8:45 a.m., he was cleaning the driveway behind his house with his son, Tracy Jordan, Jr. ("Tracy Jr."). Trial counsel

2

did not call Tracy Jr. to corroborate his father's account of what occurred that morning. The jury convicted Jordan of second-degree murder, robbery, and possessing an instrument of crime.

Following his unsuccessful direct appeal, Jordan sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9524 *et seq.* The Pennsylvania Superior Court affirmed the PCRA court's denial of his petition, and Jordan filed a timely *pro se* petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The District Court denied the petition. Jordan appealed, and this Court granted a certificate of appealability, limited to the following issues: (1) whether trial counsel was ineffective for not calling Tracy Jr. as an alibi witness; and (2) whether trial counsel was ineffective for not seeking an alibi instruction.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the District Court did not conduct an evidentiary hearing, our review is plenary. *Abdul-Salaam v. Sec'y of Pa. Dep't of Corr.*, 895 F.3d 254, 265 (3d Cir. 2018).

## III.    DISCUSSION

In his habeas petition, Jordan advances two ineffective assistance of counsel claims. First, he argues that counsel was ineffective for failing to call his son as an alibi witness. Second, he maintains that counsel was ineffective for failing to request an alibi instruction for the jury. We will consider each claim in turn.

3

**A. Alibi Witness**

Jordan contends that he is entitled to habeas relief because trial counsel was deficient for failing to call his son, Tracy Jr., who was 18 years-old when the shooting occurred, as a witness at trial.

Jordan attached to his PCRA petition an affidavit from Tracy Jr., in which Tracy Jr. stated that trial counsel interviewed him about the case. Tracy Jr. claimed that he had been willing and present to testify at trial, but was never called. Tracy Jr. also averred that when he asked trial counsel why he was not being called, trial counsel told him that "he didn't think that it was a good idea." App. 413. Along with the affidavit, Jordan's PCRA petition included a paragraph stating that Tracy Jr. would have testified:

> On November 15, 2004, at approximately 8:30 a.m., I was in my bedroom. . . . At this time, my father, Tracy Jordan, Sr. woke me up and asked me to help him clean up the trash in the backyard. . . . He also asked me to take out the trash from our house because it was Monday and Monday was a trash removal day by the City of Philadelphia. I got dressed and I worked with my father taking out the trash and cleaning the alleyway and adjacent property until approximately 9:00 a.m.

App. 389.

Tracy Jr. also spoke to the police shortly after the crime, discussing the events of the morning:

> Q: Can you remember approximately where you were last Monday, November 15th, at about 8:45 a.m.?
> A: I was in the back of my house, because my dad had told me to sweep up back there, because there was trash and little things on the ground that he wanted me to clean up. My dad was there with me.
> Q: When did your dad tell you this?
> A: It was that morning.
> Q: Do you remember what time?

A: I don't know.

App. 376.

The PCRA court found that trial counsel made a strategic decision not to call Tracy Jr. as a witness. The basis of its decision was Tracy Jr.'s "inability to accurately place [Jordan] in a different place than the crime scene at the time of the crime such that it was impossible for him to be the perpetrator, and [Jordan's] testimony that he did not leave the house until after 9:00 a.m." App. 462.

The Superior Court affirmed the PCRA court's decision, reasoning that Tracy Jr.'s affidavit was "completely devoid of the substance of the testimony [he] would have given at trial." App. 650. The Superior Court determined that because Jordan had failed to show that his son's testimony would have been helpful in his defense, trial counsel could not be found to be ineffective. Additionally, the Superior Court agreed with the PCRA court that Tracy Jr.'s police statement did "not place Jordan in a different place than the crime scene at the relevant time, so it could not have advanced his alibi defense." App. 650–51 n.2. The District Court found that the state court determination of facts and application of *Strickland v. Washington*, 466 U.S. 668 (1984) was reasonable.

Pursuant to 28 U.S.C. § 2254(d), a federal court must defer to a state court's decision and can grant relief only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." This is a "difficult to meet and highly

5

deferential standard . . . which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations and internal quotations omitted).

Jordan argues that the state court made unreasonable findings of fact under § 2254(d)(2) by basing its opinion on the lack of testimonial substance in the affidavit and by not considering the paragraph in the PCRA petition that contained the substance of what Tracy Jr. would have testified. Jordan also argues that the state court's conclusion that Tracy Jr. would have been unable to put Jordan at home during the time of the shooting was based on an unreasonable reading of the police interview transcript.

Even if we found that the state court was unreasonable, Jordan would still need to show that counsel was ineffective under *Strickland*. *See Rolan v. Vaughn*, 445 F.3d 671 (3d Cir. 2006) ("Because we are not bound by the unreasonable factual finding that led the [state court] to determine that [the petitioner] was not prejudiced by [counsel's] failure to investigate. . . we can proceed with the review of whether [counsel] was ineffective in his representation.").

To succeed on his claim that counsel's assistance fell below the standard guaranteed by the Sixth Amendment, Jordan "must demonstrate (1) that counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that the petitioner suffered prejudice as a result of the deficiency." *Blystone v. Horn*, 664 F.3d 397, 418 (3d Cir. 2011) (citing *Strickland*, 466 U.S. at 687). Because we find that Jordan's

6

claim fails under *Strickland*, we need not resolve whether the state court made an unreasonable determination of fact under § 2254(d).

### a. Deficient Performance

To establish that trial counsel's performance was constitutionally deficient under the first prong of *Strickland*, Jordan must identify acts or omissions by counsel that fell below competent assistance in light of all circumstances. 466 U.S. at 690. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and conduct a "highly deferential" review of counsel's performance in order to reduce the "distorting effects of hindsight." *Id.* at 689. Unlike decisions that are reserved to the defendant, such as the right to proceed to a jury trial, counsel—not the defendant—has discretion over whom to call as a witness. *Gov't of V.I. v. Weatherwax*, 77 F.3d 1425, 1434 (3d Cir. 1996).

A petitioner can rebut this "'weak' presumption by showing either that the conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005) (citation omitted). Where the record does not explicitly state counsel's actual strategy or lack thereof, the petitioner may rebut the presumption by showing that no sound strategy posited by counsel could have supported the conduct. *Id.* But if the record shows that counsel thoroughly investigated the law and facts, the presumption becomes "virtually unchallengeable." *Id.* (citations omitted). Otherwise, "strategic choices made after less than complete investigation are

7

reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Jordan attempts to rebut the presumption that counsel's actions were strategically sound by claiming that counsel had little strategy in this case except to argue that the evidence was insufficient. Further, Jordan argues that counsel's witness preparation and failure to corroborate Jordan's own testimony undermined such strategy. These arguments fail to satisfy Jordan's burden to rebut the presumption.

We have found ineffective assistance of counsel where counsel failed to call a potential alibi witness because counsel neglected to investigate such witness. *Rolan*, 445 F.3d at 682. However, in this case, the record, including Tracy Jr.'s affidavit itself, clearly shows that counsel investigated Tracy Jr. as an alibi witness, even going so far as to meet with him to prepare for potential testimony. Even more, the affidavit provided by Jordan highlights that trial counsel told Tracy Jr. that he no longer believed it was a sound strategy to call him as a witness during trial.

Rather than giving trial counsel the full "benefit of the doubt," we are required to "affirmatively entertain" possible reasons counsel may have had for not calling Tracy Jr. as a witness. *Cullen*, 563 U.S. at 196. Here, we find that trial counsel made a clear strategic choice: trial counsel investigated the witness, prepared the witness for trial, but, during the trial, after analyzing the trial's progress moment by moment, decided it was no longer a good strategic choice to call Tracy Jr. or his mother, who he had ready and present if helpful

to the case. Jordan has not presented any evidence to sufficiently rebut the presumption that counsel was effective. Therefore, Jordan's claim fails on the first *Strickland* prong.

### b. Prejudice

Notwithstanding our ruling on deficient performance, even if we were to address to prejudice substantively, Appellant fails. To satisfy the second *Strickland* prong and ultimately prevail on his ineffective assistance claim, Jordan must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. To meet this threshold, we must find that the likelihood of a different result is substantial, not merely conceivable. *Id.* at 693. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Additionally, "[i]n making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. This standard is more easily met where the verdict is "only weakly supported by the record," as opposed to one with "overwhelming record support." *Id.* at 696.

Jordan argues that had the jury been presented with Tracy Jr.'s testimony, there is a reasonable probability the jury would have determined that Jordan did not commit the crime. However, the evidence presented against Jordan was far from weak: a fingerprint matching Jordan's was found on the bag left behind by the assailant, the spent cartridge at the scene of the crime was from a gun of the same caliber as the gun to which Jordan had access, which also had gunpowder residue in the barrel, ballistics testimony described how the gunpowder and absence of lint in the barrel of Jordan's wife's gun showed that the

weapon had been discharged at some point after its last use on the gun range months earlier, especially in light of the cleaning protocols required by her employer, and bank statements showed that Jordan was having financial difficulties and had been unemployed for over a year. Further, the record does not reflect that an alibi defense was the focus of the trial. There is therefore no basis to find that corroborating an alibi would have changed the outcome, especially given that Tracy Jr., who could be seen as biased as he was the 18-year-old son of the defendant, would have provided testimony that placed Jordan only two blocks from the scene.

Because Jordan has not met his burden of showing that there was a substantial probability that the outcome would have been different had trial counsel called Tracy Jr., his claim for ineffective assistance on this ground fails.

### B. Alibi Jury Instructions

Jordan argues that trial counsel was also ineffective for failing to request an alibi instruction. For the purpose of this appeal, we must determine whether the Superior Court unreasonably applied *Strickland* to this claim. We find that it did not.

The Superior Court reasonably concluded that: "Jordan has not alleged, much less established, that trial counsel lacked a reasonable basis for not requesting the instruction or how he has been prejudiced by the lack of an alibi instruction." App. 654–55. The Superior Court noted that Jordan's only argument was that his own testimony, standing alone, was sufficient to establish an alibi defense.

Further, we agree with the District Court that the Superior Court reasonably applied *Strickland* in denying Jordan's claim given that counsel objected to the prosecutor's misleading statements, the objection was sustained, and the court properly instructed the jury about burden of proof.  *See* 466 U.S. at 690.

Thus, Jordan's claim that trial counsel was ineffective for failing to request an alibi instruction fails.

**IV. CONCLUSION**

For the foregoing reasons, we will affirm the District Court's order denying habeas relief.